IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM MCLAUGHLIN,  )
        Plaintiff, )
  )
vs. ) Civil Action No. 19-422
  )
CORRECTIONAL OFFICER MICHAEL )
ZAVADA, et al., ) Magistrate Judge Dodge
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, William McLaughlin, a prisoner currently housed at the State Correctional Institution at Benner Township, Pennsylvania (SCI Benner Township), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983, raising claims under the Eighth and Fourteenth Amendments to the United States Constitution arising out of the conditions to which he was allegedly subjected at the Fayette County Prison in 2017 as a pretrial detainee. Named as Defendants are Michael Zavada, Brian S. Miller, Lt. Smith, the County of Fayette, Lt. Lanksay and six "John Doe" individuals who served as members of the Fayette County Prison Board at the times relevant to the Complaint. The original Complaint was filed on March 15, 2109, but in response to a motion to dismiss, Plaintiff filed an Amended Complaint on September 17, 2019. Defendants have filed a motion to dismiss the Amended Complaint and Plaintiff's response to this motion is due by November 15, 2019.[1]

Presently pending before the Court is Plaintiff's motion for a preliminary and permanent injunction, which seeks to compel Defendants to send all correspondence and effect all service of filings upon him by using the Pennsylvania Department of Corrections (DOC) "privileged" mail

---

[1] Without leave of Court, Plaintiff also filed a Second Amended Complaint on October 29, 2019.

procedures, and also seeks to compel the DOC—which is not a party to this case—to accept such incoming mail as privileged and deliver it to him within 48 hours of receipt. For the reasons that follow, Plaintiff's motion will be denied.

## I. Facts Relevant to this Motion

It is undisputed that the DOC recently made changes to its policies and procedures relating to prisoner reception of incoming mail. Defendants indicate that the change occurred in the fall of 2018 in response to concerns that inmates were smuggling synthetic drugs into the state prisons by means of inmate mail, causing illness to both correctional officers and inmates. Plaintiff asserts that this claim is untrue, that no prison staff were exposed to any controlled substances and that the new procedures are designed to "frustrate inmates' ability to receive mail and are a dishonest attempt to obtain additional funding for the Department." (ECF No. 44 at 1.)

The new policy, DC-ADM 803, divides incoming prisoner mail into two categories, "privileged" and "non-privileged." (Pl.'s Br. (ECF No. 29) Ex. C.) "Privileged" mail is sent to the prison at which the prisoner is housed, entered into a log and distributed to the prisoner. (*Id.* at 1-11 to 1-14.)[2] "Privileged correspondence shall only contain essential, confidential, attorney-client communication." (ECF No. 29 Ex. C at 1-12.)

"Non-privileged" mail is sent to "Smart Communications," an outside service located in St. Petersburg, Florida. (*Id.* at 1-1.) The mail is opened, scanned and electronically transmitted to staff at the appropriate facility, where it is printed and delivered to the inmates. (*Id.* at 1-8 to 1-9.) Plaintiff asserts that this process requires a minimum of seven days, but mail is often delayed and can take more than fourteen days. He contends that "mail processed through Smart

---

[2] Plaintiff states that the inmates receive their mail within 48 hours, although this does not appear to be part of the actual policy.

2

Communications is often lost or not delivered for reasons unknown to [him]." (ECF No. 29 at 2.)

On May 29, 2019, in response to Plaintiff's correspondence of May 23, 2019, counsel for Defendants informed him that the DOC was "taking the position that the 'attorney' mail that comes directly to a state facility with a control number is only communications between an inmate and his own counsel, in other words, privileged attorney-client communications. Correspondence from opposing counsel, which carries no such privilege, must go through the regular mail system." (ECF No. 29 Ex. A at 1-2.) Therefore, as Defendants' counsel informed Plaintiff, DOC policy requires that all correspondence sent to him by defense counsel in connection to this lawsuit would go through Smart Communications in Florida because it is "non-privileged."

Plaintiff filed a grievance at SCI Benner Township about this mail policy. On June 20, 2019, he received an Initial Review Response denying his grievance, stating as follows:

> In your grievance, you state that you are a pro se litigant who corresponds with opposing counsel. Correspondence received from opposing counsel to you is required to be sent to Smart Communications and processed as Non-Privileged Correspondence.
>
> You seek relief in the form of allowing attorneys to engage with you in legal matters to send mail directly to SCI Benner Townships physical address, allow you to receive any incoming mail from attorneys sent to you at the facility, and unspecified financial compensation for violating your rights.
>
> Upon advice from the Office of Chief Counsel there is no attorney client privilege between the above[-]mentioned parties. Therefore it will be processed as Non-Privileged Correspondence in accordance with DC-ADM 803.

(ECF No. 29 Ex. B.)[3]

---

[3] At least one court has found this to be a correct interpretation of the policy. *See Jacobs v. District Attorney's Office*, 2019 WL 1977921, at *3 (M.D. Pa. May 3, 2019) (denying prisoner's motion for sanctions based upon defendants' counsel's act of sending all filings to him through Smart Communications in Florida, stating that "counsel is not representing Plaintiff; therefore, any mail sent by counsel to Plaintiff is not considered to be privileged mail and must be sent to

3

## II. Standard of Review

Plaintiff seeks a preliminary and permanent injunction which would require Defendants to use the DOC "privileged" mail procedures in their communications with him. In addition, Plaintiff also asks this Court to compel the DOC, which is not a party to this case, to accept Defendants' incoming mail as "privileged" and deliver it to him within 48 hours of receipt.

As an initial matter, the Court notes that Plaintiff does not have an attorney-client relationship with counsel for Defendants. Thus, communications with defense counsel are not privileged communications as defined by the DOC policy; indeed, they do not fall within any standard definition of privileged attorney-client communications.

Plaintiff is also requesting that the Court order the DOC to change its mail policy. However, even if Plaintiff had set forth sufficient grounds for the injunction he seeks, the Court cannot issue injunctive relief against the DOC because it is not a party to this case. *See Victor v. SCI Smithfield*, 2011 WL 6003923, at *4 (M.D. Pa. Nov. 30, 2011) (noting that, pursuant to Federal Rule of Civil Procedure 65(d), non-parties to litigation cannot be bound by injunctions unless they have been found to be acting "in active concert or participation" with the party against whom injunctive relief is sought).

It should also be noted that none of the Complaints filed by Plaintiff relate in any way to issues regarding Plaintiff's mail. As such, there are no underlying claims brought in this action that might for the basis for the relief that Plaintiff seeks.

For these reasons, the Court cannot grant the relief sought by Plaintiff.

Even if Plaintiff's request for injunctive relief could survive these procedural and substantive hurdles, however, he has failed to meet his burden to establish a basis for injunctive

---

Plaintiff via Smart Communications in St. Petersburg, Florida.")

relief. A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999). Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994).

Preliminary injunctions are usually brought to preserve the status quo pending the outcome of a trial and are thus prohibitory in nature. *Kos*, 369 F.3d at 708. Here, however, because Plaintiff seeks to change the status quo regarding the prison's mail procedures, this would require a mandatory injunction, which is subject to an even higher standard. *See Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235, 93 S.Ct. 16, 34 L.Ed.2d 64 (1972) (noting that a mandatory injunction is an "extraordinary remedy [to] be employed only in the most unusual case.")

As discussed below, Plaintiff has not shown that he meets the elements necessary to obtain injunctive relief.

A. Likelihood of Success on the Merits

Both Plaintiff and Defendants discuss the merits, or lack thereof, of Plaintiff's claims and whether he is likely to succeed on the merits of these claims. However, as noted above, his motion for injunctive relief does not relate to the underlying claims he has asserted. Rather, the requested injunction relates solely to the manner by which he receives mail from defense counsel in this action. Therefore, the Court must consider the likelihood of success on the merits of his

assertion that he is entitled to receive mail in direct contravention of DOC policy. In this regard, the Court concludes that Plaintiff is not likely to succeed on the merits of this claim, even if it had been asserted in his Complaints. Correspondence from defense counsel is not privileged and therefore, does not fall within the guidelines of the DOC policy relating to the handling of mail from an attorney to an inmate who he or she is representing. Moreover, Plaintiff has failed to show that the DOC policy is improper, flawed or unfair.

Therefore, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claim for injunctive relief.

### B. Irreparable Harm

Plaintiff contends that he will suffer irreparable harm because he will not receive Defendants' filings in time to respond to them, if he receives them at all.[4] However, the Court concludes that Plaintiff has failed to show that he will sustain irreparable harm if mail from Defendants is not treated as "privileged" under the DOC policy. Contrary to his broad allegations about not receiving correspondence, he does not contend that he failed to receive any specific correspondence in this case. In fact, as Defendants note, Plaintiff has received and responded to every letter that they sent to him regarding case management. Moreover, this Court has consistently granted Plaintiff additional time to file motions and respond to deadlines.

Plaintiff's reference to another inmate's experience with delayed mail is unavailing. An isolated episode involving a third party does not demonstrate that Plaintiff in this case will suffer irreparable harm in the absence of injunctive relief.

Simply put, Plaintiff has failed to show that he will sustain irreparable harm if the DOC

---

[4] While not directly relevant to the pending motion, the fact that Plaintiff recently refused to accept mail directly from the Court is at odds with his stated concern about delayed or undelivered mail.

6

policy regarding non-privileged mail is followed.

### C. Harm to Defendants

Given that Plaintiff cannot establish either of the first two requisites for the imposition of an injunction, it is unnecessary to review potential harm to the Defendants in any detail. However, it should be noted that while Plaintiff contends that Defendants will suffer no harm by merely having to obtain "Attorney Control Numbers" and "Time Codes" in order to send him privileged mail, Defendants respond that the requirements of complying with the policy for privileged mail are extensive: every single piece of correspondence sent to Plaintiff would require Defendants to obtain a separate Attorney Control Number and Time Code; certification and compliance would cost Defendants financial and time resources; Defendants would have to use taxpayer money to take unnecessary steps to defend this case; and the DOC may experience irreparable harm by the lapse of safety and security precautions which the mail policy as written provides.

In short, while Plaintiff will not sustain irreparable harm without injunctive relief, Defendants (and the DOC) could sustain some harm if the injunction Plaintiff seeks would be granted.

### D. Public Interest

Plaintiff argues that the public interest will be served by facilitating a prompt disposition of this litigation. As previously discussed, however, the public interest that is actually at stake is whether Plaintiff is entitled to an order that circumvents DOC mail policies. As Defendants argue, there is a strong public interest in maintaining safe, secure and orderly correctional facilities and Plaintiff has provided no basis for the Court to intervene in the DOC's bona fide internal policies or to second guess the security considerations of the correctional facilities.

"Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Plaintiff has failed to show that public interest considerations mandate that this Court intervene in correctional matters that are within the province of the DOC. Indeed, the public interest in prison security far outweighs any minor delay in Plaintiff receiving mail from Defendants, particularly when the Court can adequately address and remedy any delay by granting additional time to Plaintiff.

In conclusion, for the reasons set forth herein, Plaintiff has failed to show that he is entitled to injunctive relief. Therefore, his motion will be denied.

An appropriate order follows.