IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM MCLAUGHLIN,  )
       Plaintiff,  )
                             )   Civil Action No. 2:19-cv-422
       v.  )   Magistrate Judge Patricia L. Dodge
                             )
CORRECTIONAL OFFICER MICHAEL  )
ZAVADA, *et al.*,  )
       Defendants.  )

## **MEMORANDUM ORDER**

William McLaughlin ("Plaintiff"), a *pro se* state prisoner who is currently housed at SCI Benner Township, brings this action pursuant to 42 U.S.C. § 1983 raising claims under the First, Eighth and Fourteenth Amendments to the United States Constitution. His claims arise out of the conditions to which he was allegedly subjected at the Fayette County Prison in 2017 as a pretrial detainee. The remaining defendants in the case are the warden of Fayette County Prison, the deputy warden, two correctional officers and Fayette County.

Pending before the Court is Plaintiff's Motion to Stay Proceedings and Appoint Counsel (ECF No. 99). In this motion, Plaintiff requests that the Court appoint counsel to represent him and stay the action until such time as counsel is appointed. For the reasons that follow, the motion will be denied.

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. *See, e.g., Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel

"indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). It also observed "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

District courts have "broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action." *Parkell*, 833 F.3d at 340. First, the district court should consider whether the case has some arguable merit. *Id.* If it does, then the court should consider a range of factors, including:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations, and;
> 6. whether the case will require testimony from expert witnesses.

*Id.* (quoting *Montgomery,* 294 F.3d at 499). *See also Tabron*, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

Assuming for the purposes of this Memorandum and Order *only* that this case has arguable merit, the Court concludes that the balance of the above-cited factors weigh against the appointment of counsel. In support of his Motion, Plaintiff asserts that some of his claims have merit, as demonstrated by the fact that they survived Defendants' motion to dismiss; that he is

not able to afford counsel[1]; that "procedural irregularities" on the docket demonstrate that he lacks the ability to effectively present his claims[2]; that he is housed at a prison that lies outside this district[3] which presents a "geographical impediment"; that he lacks the legal skills necessary to plead his claims, as demonstrated by mistakes in the Court's Memorandum Opinion filed on May 14, 2020 (and counsel could request reconsideration of that opinion); that evidence of the faulty plumbing and other deficits in the jail during the relevant time period will be virtually impossible for him to acquire through discovery without the assistance of counsel; and that the interests of justice will be served by appointing counsel.

This case is not ready for trial. Rather, discovery is currently being conducted and the deadline for Defendants to file a motion for summary judgment is not until November 2, 2020. Therefore, the case is not at the stage at which it would be appropriate for the Court to consider Plaintiff's request.

None of the circumstances cited by Plaintiff persuade the Court that it should request an attorney to represent him at this time. This case does not present complex issues, and the filings Plaintiff has submitted thus far demonstrate that he has a basic understanding of his claims and the relevant law. In fact, by pointing out what he contends are mistakes in this Court's

---

[1] Plaintiff was granted leave to proceed in forma pauperis on May 3, 2019 (ECF No. 14).

[2] The "procedural irregularities" are as follows: the public docket does not display the documents by which the parties consented to jurisdiction by a magistrate judge (nevertheless, the parties have consented); and Defendants did not move to dismiss the Third Amended Complaint (they moved to dismiss the Second Amended Complaint and when Plaintiff amended it further, the Court ordered that the motion would be treated as applying to the Third Amended Complaint).

[3] SCI Benner Township is in Centre County, which is within the Middle District of Pennsylvania. Plaintiff filed this action in the Middle District, but it was transferred to this Court because the underlying events took place at the Fayette County Prison, which is located in this district.

Memorandum Opinion, Plaintiff demonstrates his understanding of legal concepts.[4]

In addition, as a *pro se* litigant, Plaintiff has the benefit of the holding in *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings. Moreover, Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell*, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

The circumstances cited by Plaintiff are the same as those faced by most incarcerated litigants, and he has not identified any special circumstances that would justify the Court requesting counsel to represent him unless and until it proceeds to trial. Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider his request at that time.

Based upon the forgoing, Plaintiff's Motion to Stay Proceedings and Appoint Counsel. (ECF No. 99) is DENIED without prejudice.

          So ORDERED this 24th day of June, 2020.


          /s/ Patricia L. Dodge
          PATRICIA L. DODGE
          United States Magistrate Judge

---

[4] However, the Court will not engage in a reconsideration of the Memorandum Opinion based upon a passing reference in Plaintiff's motion to stay and appoint counsel.

cc:    William McLaughlin
        NU-1570
        SCI Benner Township
        301 Institution Dr.
        Bellefonte, PA 16823-1665